```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT CARPENTER,

                    Plaintiff,

        -against-                      MEMORANDUM AND ORDER
                                       07-CV-5290 (JS)(ETB)
REPUBLIC OF CHILE, MINISTER OF
JUSTICE, JUDGE BLANCA DEL CARMEN
ROJAS ARANCIBIA, CRIMINAL COURT
NO. 32 IN SANTIAGO, CHILE,
BUSTOS VASQUEZ, MINISTERIO
VISITADOR SR. LUIS BATES,
MINISTERIO VISITADOR SR. ALFREDO
PFEIFFER,

                    Defendants.
----------------------------------X
Appearances:
For Plaintiff:     Robert Carpenter, pro se
                   50 Hill Street, PMB #191
                   Southampton, NY 11968

For Defendants:    Janis H. Brennan, Esq.
                   Paul Reichler, Esq.
                   Foley Hoag LLP
                   1875 K Street, NW, Suite 800
                   Washington, DC 20006

                   Kenneth S. Leonetti, Esq.
                   Foley Hoag LLP
                   155 Seaport Blvd
                   Boston, MA 02210
```

SEYBERT, District Judge:

On June 28, 2010, the Second Circuit affirmed in part and vacated in part this Court's dismissal of plaintiff Robert Carpenter's claims against the Republic of Chile, British Airways, and several Chilean government officials (the "Individual Defendants"). See Carpenter v. Republic of Chile,

1

610 F.3d 776 (2d Cir. 2010). The Second Circuit largely upheld this Court's decision. However, it vacated and remanded the portion of this opinion dismissing Mr. Carpenter's claims against the Individual Defendants, in light of Samantar v. Yousuf, __ U.S. __, 130 S. Ct. 2278, 176 L. Ed. 2d. 1047 (2010). Id. at 780. Specifically, the Second Circuit held that, given Samantar (issued while this case was on appeal), this Court erred in finding that the Foreign Sovereign Immunities Act ("FSIA") shields the Individual Defendants from liability. Id. ("vacat[ing] the judgment of the District Court insofar as it dismissed Carpenter's complaint against the government officials of Chile on the grounds that FSIA provided immunity.") The Second Circuit instructed this Court to consider, in the first instance, whether the federal common law of foreign sovereign immunity protects the Individual Defendants.

Following remand, Defendants filed a supplemental motion to dismiss. This supplemental motion seeks dismissal of the claims against the Individual Defendants on both personal jurisdiction and 12(b)(6) grounds. Defendants declined to brief the issues raised by the Second Circuit's mandate.

After reviewing the parties' papers, the Court believes that the personal jurisdiction issues are straightforward. Conversely, the Second Circuit's mandate raises complicated subject matter jurisdiction issues. So the

2

Court elects to consider Defendants' supplemental motion to dismiss first. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) (there is no "jurisdictional hierarchy" between personal and subject matter jurisdiction questions). Having done so, the Court GRANTS Defendants' supplemental motion to dismiss. Thus, it DISMISSES Mr. Carpenter's Complaint, WITH PREJUDICE, for lack of personal jurisdiction, without reaching the Second Circuit's mandate. Consequently, all other pending motions are DENIED AS MOOT.

BACKGROUND

This Court's original decision described this dispute's factual background in considerable detail, so the Court will not do so here. See Carpenter v. Republic of Chile, No. 07-CV-5290, 2009 U.S. Dist. LEXIS 123643, at *1–5 (E.D.N.Y. July 29, 2009); Compl. at 4.

In brief, Mr. Carpenter was a long-term Chilean resident. A business dispute led to the Chilean government arresting and filing criminal charges against him. In connection with this criminal case, Mr. Carpenter alleges that various Chilean officials violated Chilean law or otherwise mistreated him.

Mr. Carpenter focuses most of his energy on Defendant Blanca del Carmen Rojas Arancibia, the judge who oversaw his prosecution. According to Mr. Carpenter, Judge Rojas Arancibia

3

violated his Chilean constitutional rights (e.g., rights to a court-appointed interpreter, an attorney, an opportunity to review his court file, etc.), precluded him from examining the witnesses against him, inexplicably refused to lift an "arriago" (restraining order) against him even after she found him not-guilty, and twice "arbitrar[ily] reinstated" the case against him after dismissing it.

Mr. Carpenter pleads few or no facts against the other Defendants. With respect to Defendant Carlos Bustos Vasquez,[1] Mr. Carpenter pleads only that he served as Judge Rojas Arancibia's court clerk. With respect to "the 'Minstero Visitador' of Tribunal No. 32,"[2] he pleads simply that he filed four complaints (presumably about his alleged mistreatment) that went unanswered. And with respect to the unnamed "Minister of Justice," he pleads nothing at all, beyond naming this person in the caption.

Mr. Carpenter predicates liability entirely on the "plainly governmental" conduct the Individual Defendants took in their capacities as Chilean government officials. Carpenter, 2009 U.S. Dist. LEXIS 123643 at *22. However, Mr. Carpenter

---

[1] Who was erroneously referred to as "Jose Bustamonte" in the Plaintiff's Complaint.

[2] Apparently Ministerio Visitador Sr. Alfredo Pfeiffer and/or Ministerio Visitador Sr. Luis Bates.

4

claims to sue the Individual Defendants as individuals, and not in their official capacities. (Docket No. 45 at 11).

Accepting the Complaint's allegations as true, the Individual Defendants' conduct took place entirely within the Republic of Chile. And it affected only Mr. Carpenter, then a Chilean resident. Mr. Carpenter pleads no facts suggesting that the Individual Defendants' conduct had effects within the United States, or New York State. Nor, in his Complaint, does Mr. Carpenter allege that any of the Individual Defendants had even a single fleeting contact with the United States, much less New York State or the Eastern District of New York.

DISCUSSION

I. Standard of Review

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, a plaintiff may survive a 12(b)(2) motion to dismiss by pleading "legally sufficient allegations of jurisdiction." Id. That is, where a court "relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima

facie showing of personal jurisdiction." Porina v. Marward Shipping Co., 521 F.3d 122, 126 (2d Cir. 2008).

"A prima facie showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (internal citations and quotations omitted). In addition to pleadings, a plaintiff can also meet its prima facie burden through "affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." Southern New England Telephone Co. v. Global NAPs, Inc., 624 F.3d 123, 138 (2d Cir. 2010). But, "conclusory non-fact-specific jurisdictional allegations" do not meet this burden. Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998). Instead, a plaintiff must plead facts supporting that personal jurisdiction is proper under both New York's long-arm statute and the Due Process Clause of the Fifth and Fourteenth Amendments. See Metropolitan Life Ins. Co., 84 F.3d at 567-68.

II. Mr. Carpenter Fails to Plead Personal Jurisdiction

New York's Long-Arm Statute permits courts to exercise personal jurisdiction over non-domiciliaries on several grounds. With respect to Mr. Carpenter's claims, personal jurisdiction

6

would be proper if he pled facts showing that his claims arise from: (i) the Individual Defendants' business within New York, or his/her contracts to supply goods or services in New York; (ii) the Individual Defendant's tortious act[s] within New York; or (iii) in certain circumstances, the Individual Defendant's tortious act outside New York causing injury to a person or property within New York. See N.Y. C.P.L.R. § 302(a)(1-3). Alternatively, Mr. Carpenter can plead personal jurisdiction through facts alleging that the Individual Defendant owns, uses or possesses real property in New York. See N.Y. C.P.L.R. § 302(a)(4).

Here, Mr. Carpenter pleads no facts alleging that personal jurisdiction is proper over any Individual Defendant under any of these grounds. His causes of action do not stem from business conducted in New York, contracts to supply goods or services to New York, or tortious acts within New York. N.Y. C.P.L.R. § 302(a)(1-2). Instead, they derive from the Individual Defendants performing quintessentially governmental tasks in Chile. Nor does Mr. Carpenter allege that the Individual Defendants' supposedly tortious acts harmed any person or property in New York. N.Y. C.P.L.R. § 302(a)(3). On the contrary, Mr. Carpenter pleads harm only to himself. And he acknowledges that he had been a Chilean resident for twenty-one years when his problems began, and remained one throughout the

relevant time period.  See Compl. at p. 5.  Finally, Mr. Carpenter does not allege that any Individual Defendant owns, uses or possesses real property in New York.  N.Y. C.P.L.R. § 302(a)(4).

Rather, at best, Mr. Carpenter alleges that the Individual Defendants are "represented" in the United States by Chile's Embassy and diplomatic missions.  (Comp. pp. 4-5; Def. Br. at 4).  This is woefully insufficient.  As Mr. Carpenter makes clear, he has sued the Individual Defendants as individuals.  See Docket No. 45 at 11 (contending that the Individuals Defendants were "acting on their own," and not in their official capacities, when they allegedly harmed him). Chile's diplomatic offices represent the Republic of Chile. They do not represent Chile's judicial employees, particularly when those persons are sued as individuals.

Mr. Carpenter's affidavits and other submissions fair no better.  At their strongest, these papers predicate personal jurisdiction on: (i) Mr. Carpenter filing "motion papers" at Chile's New York consulate (Docket No. 45 at 14); and (ii) "the Minister of Justice or his sub-secretary" having attended "over 15 meetings and conferences" in New York (Docket No. 94 at 11). Neither of these allegations suffices.

With respect to Mr. Carpenter's "motion papers," it is irrelevant whether these papers relate to the criminal

proceedings against him. Filing them in New York constituted Mr. Carpenter's acts, not any Individual Defendant's acts. So they do not reflect any Individual Defendant engaging in business in New York, or committing tortuous activity that reaches New York. Moreover, Mr. Carpenter's claims do not "aris[e]" from his act of filing papers in New York. N.Y. C.P.L.R. § 302(a). They stem from the Individual Defendants' acts in Chile.

As to the Minister of Justice, his trips to New York similarly fail to establish either specific or general jurisdiction. The trips do not establish specific jurisdiction because Mr. Carpenter does not allege that his claims "aris[e]" from the Minister's New York trips. N.Y. C.P.L.R. § 302(a). And they don't establish general jurisdiction, because such jurisdiction over a non-domiciliary requires "continuous and systematic" contacts with New York, such as permanent employment. FCNB Spiegel Inc. v. Dimmick, 619 N.Y.S.2d 935, 937-38 (N.Y.C. Civ. Ct. 1994); see also Stair v. Calhoun, 07-CV-3906, 2009 WL 792189, at *6 (E.D.N.Y. 2009). Fifteen separate visits are not "continuous and systematic" contacts. And, even if they were, general jurisdiction would still not be appropriate. For, to subject himself to general jurisdiction in New York, the Minister would need to do business in New York "on his own behalf." RSM Production Corp. v. Fridman, 643 F. Supp.

2d 382, 400 (S.D.N.Y. 2009). And Mr. Carpenter does not claim that the Minister made these trips for himself, rather than on Chile's behalf. It follows then that Mr. Carpenter has not established personal jurisdiction over Chile's Minister of Justice.

III. <u>This Dismissal is with Prejudice</u>

Having dismissed Mr. Carpenter's Complaint, the question turns to whether the Court should grant leave to amend. The Court should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). But the Court should deny leave when any amendment would be futile. See <u>AEP Energy Services Gas Holding Co. v. Bank of America, N.A.</u>, 626 F.3d 699, 726 (2d Cir. 2010).

Here, the Court is satisfied that leave to amend would be futile. Mr. Carpenter already enjoyed ample opportunity to supplement the Complaint's jurisdictional allegations with affidavits and other submissions. But he nevertheless failed to adduce more than the thinnest of jurisdictional facts. And this is not surprising. Indeed, because Mr. Carpenter's claims arise from conduct that took place in Chile, by Chileans, against a long-term Chilean resident, it is difficult to fathom how he could possibly establish personal jurisdiction in New York.

## CONCLUSION

Defendants' supplemental motion to dismiss is GRANTED. As against the Individual Defendants, Mr. Carpenter's Complaint is DISMISSED WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION. All other pending motions are DENIED AS MOOT. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   June __22__, 2011
         Central Islip, New York